1  Michael K. Brown (SBN 104252)
   Thomas J. Yoo (SBN 175118)
2  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
3  Los Angeles, CA 90071
   Telephone:    213.457.8000
4  Facsimile:    213.457.8080
   Email: mkbrown@reedsmith.com
5  tyoo@reedsmith.com

6  Steven J. Boranian (SBN 174183)
   REED SMITH LLP
7  Two Embarcadero Center, Suite 2000
   San Francisco, CA 94111-3922
8  Telephone:    415.543.8700
   Facsimile:    415.391.8269
9  Email: sboranian@reedsmith.com

10 Kevin M. Hara (SBN 221604)
   REED SMITH LLP
11 1999 Harrison St., Suite 2400
   Oakland, CA 94612
12 Telephone:    510.763.2000
   Facsimile:    510.273.8832
13 Email: khara@reedsmith.com

14 Attorneys for Defendant
   Merck & Co., Inc.

15
16                                 UNITED STATES DISTRICT COURT
17                                 EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18  WENDEL VANTINE, individually and as successor in interest to MAXINE LILLIAN 19  VANTINE, deceased,<br><br>20             Plaintiff,<br><br>21        vs.<br><br>22  MERCK & COMPANY, INC., a corporation; MCKESSON CORPORATION, a corporation; 23  AMERISOURCEBERGEN CORPORATION, a corporation; PFIZER INC.; PHARMACIA 24  CORPORATION; G. D. SEARLE LLC, (FKA G. D. SEARLE & CO.); LINDA LEE, M.D.; DOES 25  1 to 100; PHARMACEUTICAL DEFENDANT DOES 101 to 200; DISTRIBUTOR 26  DEFENDANT DOES 201 to 300, inclusive,<br><br>27             Defendants.<br>28 | No.<br><br>**DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§ 1441(B)** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLEASE TAKE NOTICE that defendant Merck & Co., Inc. ("Merck") hereby removes the state court action described below to this Court. Removal is warranted under 28 U.S.C. § 1441 because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332. Complete diversity of citizenship exists among the properly joined parties, and Butte County is the county of origin for purposes of removal under 28 U.S.C. § 1441(a), as explained more fully below.

1. On September 25, 2006, Plaintiff Wendel Vantine, individually and as successor in interest to Maxine Lillian Vantine, deceased, ("Plaintiff") commenced this action entitled *Vantine v. Merck & Co., Inc., et al.*, Case No. BC359104 ("the/this action") against Merck by filing a Complaint in connection with Judicial Counsel Coordination Proceeding ("JCCP") No. 4247, *In re Vioxx® Cases* (the "State Coordination Proceeding"). A true and correct copy of Plaintiff's Notice of Adoption of the Master Complaint is attached hereto as Exhibit "A."

2. By order of the judge presiding over Judicial Counsel Coordination Proceeding No. 4247, *In re Vioxx Cases*, Superior Court Judge Victoria Chaney, each plaintiff commencing a Vioxx-related civil action must designate a "county of origin," which Judge Chaney has ordered shall be the controlling venue for removal purposes. The Court's order reads:

> (1) As the initial pleading, each individual plaintiff shall file either (1) short form Complaint titled "Complaint: Amended Notice of Adoption of Master Complaint . . ." or (2) a separate complaint. . . .
>
> (2) A plaintiff filing a separate complaint as the initial pleading shall state clearly on the caption page of the complaint, in bold print, the following information: (1) "VIOXX," and (2) "County of Origin:" [plaintiff's county of residence or the county where the alleged injury occurred]. . . . .
>
> . . . .
>
> **For purposes of removal, remand and trial venue, the designated county of origin specified in the initial pleading shall be deemed, and is stipulated to be, the original county in which [each] case was initially filed and pending.**

*In re Vioxx Cases*, JCCP 4247, Case Management Order No. 6: Direct Filing and Adoption of Master Complaint, entered September 29, 2005 (emphasis added) (A true and correct copy is attached hereto as Exhibit "C").

3.   By Judge Chaney's order, plaintiff's county of origin is <u>Butte County</u> because his Complaint states that <u>Butte County</u> is the county of origin for plaintiff's allegations. Therefore, <u>Butte County</u> is deemed the county in which this action is pending for purposes of removal under 28 U.S.C. § 1441(a). See Exh. "A" at ¶ 2.

4.   On December 7, 2006, Merck filed an Answer to the Complaint. A true and correct copy of the Answer filed in this action is attached hereto as Exhibit "B".

5.   No further proceedings have been had in this action.

6.   This action involves allegations regarding the prescription drug Vioxx. On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring 148 Vioxx-related cases to the United States District Court for the Eastern District of Louisiana for coordinated pretrial proceedings under 28 U.S.C. § 1407. Merck intends to seek the transfer of this action to that Multidistrict Litigation ("MDL"), *In re VIOXX Products Liability Litigation*, MDL No. 1657, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the rules of the JPML.

7.   As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Merck has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

8.  Merck was served with the Complaint on December 1, 2006.  Merck is informed and believes that defendant McKesson Corporation was served on November 22, 2006.  Merck is informed and believes that other defendants have not been served.  This Notice is therefore timely under 28 U.S.C. § 1446(b).  A true and correct copy of the Complaint in the action is attached hereto as Exhibit "A."

9.  Venue is proper in this Court because it is the "district and division embracing the place where such action is pending," pursuant to the September 29, 2005 order of Coordination Trial Judge Chaney.  See, 28 U.S.C. § 1441(a).  On September 29, 2005, Judge Chaney ordered that, for the sake of fair and efficient coordinated proceedings, plaintiffs would be allowed to commence Vioxx-related actions directly in the State Coordination Proceeding by filing (1) a short-form complaint (called a Notice of Adoption of Master Complaint) or (2) a full complaint in Los Angeles County Superior Court.  This direct filing procedure is intended to speed the transfer of Vioxx-related cases to the State Coordination Proceeding and to avoid the time and expense associated with filing actions in other counties, only to then transfer them to Los Angeles.[1]

10.  To ensure, however, that this procedural convenience would not affect the parties' rights, including rights involving removal jurisdiction and trial venue, Judge Chaney ordered that each plaintiff designate a "county of origin."  In connection with this designation, Judge Chaney ordered and the parties stipulated as follows:  "For purposes of removal, remand, and trial venue, the designated county of origin specified in the initial pleading shall be deemed, and is stipulated to be, the original county in which [each] case was initially filed."  See Exhibit "C".

---

[1] The Plaintiffs' Steering Committee in the State Coordination Proceeding requested the direct filing procedure.

11. Judge Chaney's order defines the County of Origin as "plaintiff's county of residence or the county where the alleged injury occurred." Exh. C, ¶ 2(a)(2). Plaintiff alleges <u>Butte County</u> as the County of Origin and because plaintiff further alleges that he resides in <u>Butte County</u>, and his injuries occurred in that county, this action's county of origin is <u>Butte County</u>, which this district and division embraces. Exh. A, ¶ 2. ("Plaintiff is a resident of the State of California, County of <u>Butte</u>. Plaintiff's injuries as alleged in this litigation occurred in the County of <u>Butte</u> in the State of California.")

12. Under 28 U.S.C. § 1441(a), an action "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." However, this geographical provision is a procedural matter that does not affect subject matter jurisdiction. *See* William W. Schwarzer et al., *Cal. Prac. Guide Fed. Civ. Pro. Before Trial* ¶ 2:997 (geographic component of the removal statute is in the nature of a venue provision; it is procedural and subject to waiver); *see also Peterson v. BMI Refractories*, 124 F.3d 1386, 1394 (11th Cir. 1997) (failure to comply with the geographic requirements of § 1441(a) was a procedural matter that did not deprive a district court of subject matter jurisdiction in a removed case); *Archuleta v. Lacuesta*, 131 F.3d 1359, 1365 (10th Cir. 1997) (stating that a removal to a district court other than the court for the district embracing the place where the action is pending cannot deprive a district court of subject matter jurisdiction; the removal statutes, including section 1441(a), do not set forth principles of subject matter jurisdiction but are solely procedural in nature). This action is currently pending in the Los Angeles County Superior Court. But because Plaintiff alleges <u>Butte County</u> as the county of residence and where his injuries occurred, this district court is the proper venue for this action, pursuant to Judge Chaney's order.

13. All of the properly joined and served defendants consent to this removal.[2]

---

[2] See Pfizer, Pharmacia, and G.D. Searle's Joinder to Notice of Removal filed concurrently here with. The Complaint purports to name McKesson Corporation, AmerisourceBergen Corporation, and Linda Lee, M.D., as codefendants. But

14. No previous request has been made for the relief requested herein.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for plaintiff and a copy is being filed with the Clerk of the Court of the State of California, County of Los Angeles.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. The Amount In Controversy Requirement Is Satisfied

17. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff alleges injuries as a result of plaintiff's decedent's ingestion of Vioxx. (Complaint at ¶ 4). Plaintiff seeks general damages, special damages, loss of earnings and impaired earning capacity, medical expenses, past and future, past and future loss of consortium, disgorgement of profits, and punitive or exemplary damages. (Complaint ¶ 6).

18. Federal courts around the country have ruled that federal diversity jurisdiction exists in similar actions alleging personal injuries caused by Vioxx. *See, e.g., Morgan v. Merck & Co., Inc.*, No. 3:03cv435WS (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co., Inc.*, No. L-03-134 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co., Inc.*, Civ. No. H-02-3139 (S.D. Tex. Oct. 8,

---

because they are fraudulently joined to this lawsuit, their consent to this removal is not required. *See* 28 U.S.C. § 1441(b); *see Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (co-defendants who are fraudulently joined need not join in a removal).

2002); *Zeedyk v. Merck & Co., Inc.*, No. 02-C-4203 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196 (W.D. La. June 18, 2002); *Jones v. Merck & Co., Inc.*, Civ. No. 02-00186 (D. Haw. June 5, 2002). These courts were all presented with complaints seeking actual damages for injuries allegedly caused by Vioxx and all found, either explicitly or implicitly, that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

**B.     There Is Complete Diversity Of Citizenship**

19.     There is complete diversity as between Plaintiff and the sole properly joined defendant, Merck.

20.     Merck is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Merck is informed and believes that defendants Pfizer, Pharmacia, and G.D. Searle are citizens of states other than California.

21.     Plaintiff's complaint alleges that Plaintiff is a citizen of the State of California, and a resident of the County of Butte. (Complaint ¶ 3,7). Based on this allegation, Merck is informed and believes that Plaintiff is a citizen of the State of California.

22.     Defendant Does 1-300 have been sued under fictitious names. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

23.     For the reasons set forth below, the remaining named defendants—McKesson Corporation (hereinafter "McKesson"), Amerisource Bergen Corporation (hereinafter "Amerisource"), and Linda Lee, M.D. (Hereinafter "Dr. Lee"), – are fraudulently joined. Therefore,

their citizenship must be ignored for the purpose of determining the propriety of removal. *See McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant is fraudulently joined and the defendant's presence in the lawsuit is ignored for purposes of determining diversity where no viable cause of action has been stated against the resident defendant. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998); *TPS Utilicom Services Inc.*, 223 F. Supp. 2d at 1100.

### III. THE CITIZENSHIP OF MCKESSON, AMERISOURCE, AND DR. LEE MUST BE IGNORED BECAUSE THEY ARE FRAUDULENTLY JOINED AS THE COMPLAINT STATES NEITHER A FACTUAL NOR LEGAL BASIS FOR A CLAIM AGAINST THEM

24. A defendant is fraudulently joined "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067 (citations omitted). *Accord United Computer Sys.*, 298 F.3d at 761; *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, ("In re PPA"), MDL No. 1407, Docket No. C02-423R, Slip. Op. at 3 (W.D. Wash. Nov. 27, 2002) (a true and correct copy is attached hereto as Exhibit "D") (denying plaintiffs' motion to remand after finding resident retailer fraudulently joined). The fraudulent joinder of McKesson, Amerisource, and Dr. Lee is obvious under well-settled state law because (1) plaintiff has failed to allege any factual basis for the claims asserted against them and (2) there is no legal basis for the claims plaintiff seeks to bring against McKesson and Amerisource as pleaded.

**A.     Distributor-Defendants McKesson and AmerisourceBergen are Fraudulently Joined**

25. McKesson and Amerisource are fraudulently joined because plaintiff has failed to make any material allegations against them. *See, e.g.*, *Brown v. Allstate Insur.*, 17 F. Supp. 2d 1134, 1137, (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] are made"); *Lyons v. American Tobacco Co.*, No. Civ. A.

96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

26. The crux of the Complaint is an alleged failure to adequately warn of alleged side effects associated with the use of Vioxx, yet notably absent are any specific allegations that McKesson and Amerisource made any specific representations or warranties to plaintiff or plaintiff's prescribing physician, or that plaintiff or plaintiff's prescribing physicians relied on any such specific representations or warranties by McKesson and/or Amerisource. Accordingly, plaintiff has failed to meet the minimal pleading requirements to state a claim against McKesson and Amerisource. *See, e.g.*, *Taylor AG Industries v. Pure-Gro*, 54 F.3d 555, 558 (9th Cir. 1995) (dismissing breach of express warranty claim against distributor due to plaintiffs' failure to identify any statements made by the distributor that were inconsistent with or went beyond either the product labels or the Product Guide provided by manufacturer). *See also Cox v. Depuy Motech, Inc.*, 2000 WL 1160486, at *5 (S.D. Cal. 2000) (causation is an essential element of strict liability and negligence claims); *Keith v. Buchanan*, 173 Cal. App. 3d 13, 25 (1985) (actual reliance is an element of implied warranty claim); *B.L.M. v. Sabo & Deitsch*, 55 Cal.App.4th 823, 834 (1997) (to state a claim of negligent misrepresentation, plaintiff must at least identify the alleged misrepresentation).

27. Plaintiff cannot cure this deficiency by simply relying on allegations directed toward "defendants." *See In re PPA*, MDL No. 1407, Slip Op. at 5 (Exh. "D" hereto) (allegations directed toward "defendants" or "all defendants" insufficient).

28. The general allegation that Defendants knew of the alleged risks associated with the use of Vioxx are particularly deficient because the wholly conclusory claims are undermined and contradicted by the more specific allegations of Merck's concealment and misrepresentation of the same information. *See, e.g.*, *In re PPA*, MDL 1407, Slip. Op. at 7 (Exh. "D" hereto) (allegations that "manufacturer defendants concealed material facts regarding PPA through product packaging, labeling, advertising, promotional campaigns and materials, and other methods . . . directly undermines and contradicts the idea that [the resident retail defendant] had knowledge or reason to know of alleged defects."). The allegations of Merck's purported concealment and

1  misrepresentation of the alleged risks of Vioxx belie any inference that McKesson and Amerisource,
2  wholesale distributors, had knowledge of that which was allegedly concealed.

3      29.    Even if plaintiff had directed allegations at McKesson and Amerisource, there
4  remains no legal basis for the causes of action asserted against McKesson and Amerisource because
5  plaintiff's claims are based on an alleged failure to warn and premised – for McKesson and
6  Amerisource– on a non-existent duty to warn. Under California law, McKesson and Amerisource
7  bear no duty to warn based on the "learned intermediary" doctrine. The "learned intermediary"
8  doctrine, the foundation of prescription drug product liability law, provides that the duty to warn
9  about a drug's risks runs from the manufacturer to the physician (the "learned intermediary"), and
10 then from the physician to the patient. *See Brown v. Superior Court*, 44 Cal. 3d 1049, 1061-1062,
11 n.9 (1988); *Carlin v. Superior Court*, 13 Cal. 4th 1104, 1116 (1996). It is the physician, and only the
12 physician, who is charged with prescribing the appropriate drug and communicating the relevant
13 risks to the patient. *See Brown*, 44 Cal.3d at 1061-62.

14     30.    The rationale of the "learned intermediary" doctrine is that it is the physician that is in
15 the best position to determine whether a patient should take a prescription drug and that imposing a
16 duty on others to warn patients would threaten to undermine reliance on the physician's informed
17 judgment. For this reason, courts have rejected imposing liability on distributors like McKesson and
18 Amerisource or failure to warn of the risk of a prescribed drug. *See, e.g.*, *Barlow v. Warner-Lambert
19 Co.*, Case No. CV 03 1647 R (RZx), slip op. at 2 (C.D. Cal. April 28, 2003) (a true and correct copy
20 is attached hereto as Exhibit "E") ("The Court finds that there is no possibility that plaintiffs could
21 prove a cause of action against McKesson, an entity which distributed this FDA-approved
22 medication [Rezulin] to pharmacists in California;" motion to remand denied); *Skinner v. Warner-
23 Lambert Co.*, Case No. CV 03 1643-R(RZx), slip op. at 2 (C.D. Cal. April 28, 2003) (a true and
24 correct copy is attached hereto as Exhibit "F") (same); *Murphy v. E.R. Squibb & Sons, Inc.*, 40 Cal.
25 3d 672, 680-81 (1985) (under the learned intermediary doctrine, retail pharmacies can have no
26 general duty to warn consumers of effects of prescription drugs); *In re Baycol Prods. Litig.*, MDL
27 No. 1431, Case No. 02-139, slip op. at 3-4 (D. Minn. May 24, 2002) (a true and correct copy is
28 attached hereto as Exhibit "G") (retail distributor of prescription drugs fraudulently joined);

*Schaerrer v. Stewart's Plaza Pharmacy*, 79 P.3d 922, 929 (Utah 2003) (a true and correct copy is attached hereto as Exhibit "H") (declining to extend duty to warn to retail distributor of prescription diet drug as long as [their] "ability to distribute prescription drugs is limited by the highly restricted FDA-regulated drug distribution system in this country . . .").

31. Moreover, it is undisputed that through a collaborative process, Merck and the FDA prepared the information to be included with the prescription drug, Vioxx, with the FDA having final approval of the information that could be presented. Once the FDA has determined the form and content of the information, it is a violation of federal law to augment the information. *See* 21 U.S.C. § 331(k) (prohibiting drug manufacturers and distributors from causing the "alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling" of an FDA-approved drug held for sale); *Brown v. Superior Court,* 44 Cal. 3d 1049, 1069 n.12. (1988) (The FDA regulates the testing, manufacturing, and marketing of drugs, including the content of their warning labels.) Thus, McKesson and Amerisource could not change the information they were given by Merck as approved by the FDA without violating federal law. No duty can be found where it requires a party to violate the law to fulfill it.

**B.     Dr. Linda Lee is Fraudulently Joined**

32. Dr. Lee is fraudulently joined because plaintiff has failed to make any material allegations against him. *See, e.g.*, *Brown.*, 17 F. Supp. 2d at 1137, (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] are made"); *Lyons*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (holding that there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them).

33. The crux of the Complaint is an alleged failure to adequately warn of alleged side effects associated with the use of Vioxx, yet plaintiff has failed to specifically allege that Dr. Lee made any representations or warranties to plaintiff, or that plaintiff relied on any such specific representations or warranties by Dr. Lee. Accordingly, plaintiff has failed to meet the minimal pleading requirements to state a claim against Dr. Lee. *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*,

133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001) ("*Rezulin I*") (physician defendant fraudulently joined where complaint lacked any factual allegations against the physician) (a true and correct copy is attached hereto as Exhibit "I"). *See also Cox v. Depuy Motech, Inc.*, 2000 WL 1160486, at *5 (S.D. Cal. 2000) (causation is an essential element of strict liability and negligence claims); *Keith v. Buchanan*, 173 Cal. App. 3d 13, 25 (1985) (actual reliance is an element of implied warranty claim); *B.L.M. v. Sabo & Deitsch*, 55 Cal. App 4th 823, 834 (1997) (to state a claim of negligent misrepresentation, plaintiff must at least identify the alleged misrepresentation).

34.   Plaintiff cannot cure this deficiency by simply relying on allegations directed toward "defendants." *See In re PPA*, MDL No. 1407, Slip Op. at 5 (*See* Exhibit "D") (allegations directed toward "defendants" or "all defendants" insufficient).

35.   Moreover, numerous other courts have recognized in other pharmaceutical litigation that a healthcare defendant is improperly joined where, as here, conclusory allegations of the provider's knowledge are contradicted by the specific allegations in the Complaint that the manufacturer-defendant concealed information from the general public, including healthcare providers. *See, e.g. Louis v. Wyeth-Ayerst Phamrs., Inc.*, No. 5:000-CV-102-LN, slip op. at 2 (S.D. Miss. 2001) (in-state pharmacy fraudulently joined where allegation of in-state defendant's knowledge were contradicted by specific allegations that the pharmaceutical manufacturer concealed and/or misrepresented information); *In re Diet Drugs*, 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002) (same); *Rezulin I*, 133 F. Supp. 2d at 295 (in-state physician fraudulently joined when minimal conclusory allegations of the physician's knowledge were contradicted by specific allegations that the pharmaceutical manufacturer concealed and/or misrepresented information); *In re Rezulin Prods. Liab. Litig.*, 2002 WL 31852826, at *2 (S.D.N.Y. 2002) ("*Rezulin II*") (non-diverse physician defendant fraudulently joined where "main tenor of plaintiffs' complaint is that [drug] was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others") (a true and correct copy is attached hereto as Exhibit "J"). Plaintiff's allegations that Merck "concealed and misrepresented the safety of Vioxx by and through documents and pharmaceutical representatives" (Exhibit A at ¶ 6) undermines any argument that Dr. Lee had knowledge of something that was allegedly already concealed. (Exhibit A at ¶ 6).

1  WHEREFORE, Defendant Merck respectfully removes this action from the Superior Court
2 of the State of California for the County of Los Angeles, Case Number BC359104 this Court
3 pursuant to 28 U.S.C. § 1441.

DATED: December 15, 2006.

REED SMITH LLP

By  /s/ Kevin M. Hara
    Kevin M. Hara
    Attorneys for Defendant
    Merck & Co., Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 13 –
DEFENDANT MERCK & CO., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)