# EXHIBIT E

23    APR 28 2003

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

In re REZULIN LITIGATION

CASE NO. CV 03-1647-R(RZx)

JACKIE BARLOW; CARMA DEKOVEN;
ERNESTINE DELAFONT, ZOE EGGER-
MUKARVIZ; and SAMUEL
GODBOULDT,

Plaintiffs,

v.

WARNER-LAMBERT CO.; PFIZER INC.;
JERROLD OLEFSKY; McKESSON CORP.,
et al.

Defendants.

[PROPOSED] ORDER
DENYING PLAINTIFFS'
MOTION FOR REMAND

Defendants removed this action from state court to this Court alleging diversity jurisdiction. Defendants asserted that Jerrold Olefsky and McKesson Corp., both of whom are California residents, were fraudulently joined. Plaintiffs moved to remand to state court. The motions came on for hearing by the Court on April 21, 2003.

Having considered the motions and other documents in support of and in opposition to the motions, having heard the arguments of counsel, and being fully advised in the matter, the Court denies the motion.

The Court finds that Dr. Jerrold Olefsky ("Dr. Olefsky"), a patent-holder and clinical investigator, owed no legal duty to any of the plaintiffs, and, therefore, there is no possibility that the plaintiffs can prove a cause of action against Dr. Olefsky. Thus, Dr. Olefsky must be disregarded for purposes of determining federal diversity

1

231DF762.WPD                              [PROPOSED] ORDER

KAYE SCHOLER LLP

1   jurisdiction.

2        The Court further finds that there is no possibility that plaintiffs could prove a

3   cause of action against McKesson, an entity which distributed this FDA-approved

4   medication to pharmacists in California.  Pursuant to comment k of the Restatement

5   (Second) of Torts Section 402A and California law following comment k, a

6   distributor of a prescription drug is not subject to strict liability.

7        Accordingly, this Court has diversity jurisdiction over each of these actions.

8   The motion to remand is denied.

9        IT IS SO ORDERED.

10  Dated: April 28, 2003

                                        MANUEL  L.  REAL
                                _____
                                MANUEL L. REAL
                                UNITED STATES DISTRICT JUDGE

14  Submitted by:

15  O'DONNELL & SHAEFFER LLP
    633 West Fifth Street, Suite 1700
16  Los Angeles, California 90071
    Telephone:  (213) 532-2000
17  Facsimile:  (213) 532-2020

18  KAYE SCHOLER LLP
    1999 Avenue of the Stars
19  Los Angeles, California 90067
    Telephone:  (310) 788-1000
    Facsimile:  (310) 788-1200

21  By: _Robert Barnes_____
       Robert Barnes
22  Attorneys for  Defendants
    WARNER-LAMBERT COMPANY and PFIZER INC.

23

24

25

26

27

28

KAYE SCHOLER LLP

2

23104762.WPD                    [PROPOSED] ORDER

# EXHIBIT F

FILED
CLERK U.S. DISTRICT COURT

APR 2 8 2003

DISTRICT OF CA...

1
2
3
4
5
6        UNITED STATES DISTRICT COURT
7        CENTRAL DISTRICT OF CALIFORNIA
8        WESTERN DIVISION
9    In re REZULIN LITIGATION            )    CASE NO. CV 03–1643-R(RZx)
                                         )
10   DIANE SKINNER; and DIANE YBARRA,    )    [PROPOSED] ORDER
11                                       )    DENYING PLAINTIFFS'
         Plaintiffs,                     )    MOTION FOR REMAND
12                                       )
         v.                              )
13                                       )
     WARNER-LAMBERT CO.; PFIZER INC.;    )
14   JERROLD OLEFSKY; McKESSON CORP.,    )
     et al.,                             )
15                                       )
         Defendants.                     )
16
17       Defendants removed this action from state court to this Court alleging diversity
18   jurisdiction. Defendants asserted that Jerrold Olefsky and McKesson Corp., both of
19   whom are California residents, were fraudulently joined. Plaintiffs moved to remand
20   to state court. The motions came on for hearing by the Court on April 21, 2003.
21       Having considered the motions and other documents in support of and in
22   opposition to the motions, having heard the arguments of counsel, and being fully
23   advised in the matter, the Court denies the motion.
24       The Court finds that Dr. Jerrold Olefsky ("Dr. Olefsky"), a patent-holder and
25   clinical investigator, owed no legal duty to any of the plaintiffs, and, therefore, there
26   is no possibility that the plaintiffs can prove a cause of action against Dr. Olefsky.
27   Thus, Dr. Olefsky must be disregarded for purposes of determining federal diversity
28   jurisdiction.

KAYE SCHOLER LLP

1

23104761.WPD                    [PROPOSED] ORDER

1        The Court further finds that there is no possibility that plaintiffs could prove a

2    cause of action against McKesson, an entity which distributed this FDA-approved

3    medication to pharmacists in California.  Pursuant to comment k of the Restatement

4    (Second) of Torts Section 402A and California law following comment k, a

5    distributor of a prescription drug is not subject to strict liability.

6        Accordingly, this Court has diversity jurisdiction over each of these actions.

7    The motion to remand is denied.

8        IT IS SO ORDERED.

9    Dated: April 28, 2003

10                                       MANUEL L. REAL

11                                       MANUEL L. REAL
                                         UNITED STATES DISTRICT JUDGE

12

13   Submitted by:

14   O'DONNELL & SHAEFFER LLP
     633 West Fifth Street, Suite 1700
     Los Angeles, California 90071

15   Telephone:   (213) 532-2000
     Facsimile:   (213) 532-2020

16

17   KAYE SCHOLER LLP
     1999 Avenue of the Stars
     Los Angeles, California 90067

18   Telephone:   (310) 788-1000
     Facsimile:   (310) 788-1200

19

20   By: Robert Barnes
         Robert Barnes

21   Attorneys for  Defendants
     WARNER-LAMBERT COMPANY and PFIZER INC.

22

23

24

25

26

27

28

KAYE SCHOLER LLP

2

23104767.WPD                        [PROPOSED] ORDER

# EXHIBIT G

 

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION          MDL No. 1431
                                            (MJD)

This Document also relates to:

Mary A. Smith v. Bayer Corporation et al.,    Case No. 02-139

---

Hugo N. Gerstl, Law Offices of Hugo N. Gerstl and Associates, for and on behalf of Plaintiff,

Peter Sipkins, Dorsey & Whitney, Philip S. Beck, Ada L. Hoeflich and Tarek Ismail, Bartlit Beck Herman Palenchar & Scott, Susan A. Weber and Sara J. Gourley, Sidley Austin Brown & Wood and Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC, for and on behalf of Bayer Corporation.

---

This matter is before the Court upon Plaintiff Smith's motion to remand. Bayer Corporation ("Bayer") opposes the motion on the basis that Plaintiff has fraudulently joined Longs Drug Stores, Inc. ("Longs Drug") in an effort to defeat diversity jurisdiction.

Background

Plaintiff filed her Complaint in California state court on September 7, 2001. In her Complaint, Plaintiff asserted claims of products liability and negligence against Longs Drug. Plaintiff is a citizen of California. Defendant Bayer Corporation is an Indiana corporation, with its principal place of business in Pennsylvania. Defendant Longs Drug has its principal place of business in California. Thus, for purposes of diversity jurisdiction, the parties do not dispute that Longs Drug is a citizen of California.

On October 11, 2001, Defendant Bayer Corporation filed a notice of removal



with the United States District Court, Northern District of California. In its removal petition, Bayer asserts that Plaintiff failed to state a cause of action against Longs Drug, and that the court therefore had jurisdiction over Plaintiff's Complaint based on diversity of citizenship under 28 U.S.C. § 1332(a). Bayer contends that fraudulently joined defendants will not defeat diversity jurisdiction.

On October 12, 2001, Plaintiff filed a First Amended Complaint in California state court. In the Amended Complaint, Plaintiff withdrew her products liability claim against Longs Drug, adding a professional negligence claim in its place.

**Standard**

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the court must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (9th Cir. 1993)(citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987) cert. dismissed 484 U.S. 1021 (1988)).

Fraudulently joined defendants will not defeat diversity jurisdiction. Ritchey v. Upjohn Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1998). "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." Anderson v. Home Insurance Company, 724 F.2d 82, 84 (9th Cir. 1983). Dismissal of fraudulently joined non-diverse defendants is appropriate. Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002).

Initially, in determining the propriety of remand, the Court must review plaintiff's pleading at the time of the petition for removal. Pullman Co. v. Jenkins, 305

2




U.S. 534, 537 (1939).  In addition, a plaintiff may not amend her complaint in order to

state a claim against a nondiverse defendant in order to divest the federal court of

jurisdiction.  Cavallini v. State Farm Mutual Auto-Insurance Co., 44 F.3d 256, 265 (Fed.

Cir. 1995).  See also, Henderson v. Shell Oil Co., 173 F.2d 840, 842 (8th Cir.

1949)(federal court has power to amend petition after removal, but such power does

not extend to elimination of jurisdictional defects present in the state court action).  The

Court will thus look to the original Complaint to determine whether Longs Drug has

been fraudulently joined.[1]

     If a plaintiff fails to state a cause of action against a non-diverse defendant, and

the failure is obvious according to settled rules of law of the state in which the action

was brought, the joinder of the non-diverse defendant is deemed to be fraudulent,

Ritchey v. Upjohn Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1998).  Bayer argues

that a retail pharmacy cannot be held strictly liable for injuries caused by a defective

drug pursuant to California law.  Murphy v. E.R. Squibb & Sons, Inc., 40 Cal.3rd 672,

675-681 (1985).  It appears that Plaintiff does not dispute this principle, as is evidenced

by the fact that Plaintiff attempted to amend her Complaint to withdraw this cause of

action against Longs Drug.  In addition, Bayer argues that Plaintiff's negligence claim

against Longs Drug also fails to state a claim.  The Complaint alleges that Longs Drug

was negligent in failing to provide adequate warnings of the dangers posed by Baycol

and that Longs Drug concealed specific knowledge concerning Baycol from Plaintiff.

Complaint ¶ 35.  However, the Complaint further states that Longs Drug dispensed

---

[1]Plaintiff provides the Court no authority for her argument that the Court should look to pleadings filed in state court after the case has been removed.  Because Plaintiff attempted to file the First Amended Complaint in state court, after the case was removed to federal court, the filing was ineffective.  Also, as an answer has been filed, Plaintiff must now seek leave of the Court to file the First Amended Complaint.  Plaintiff has not done so, however.

3

 

Baycol to Plaintiff on March 24, 2001. Id. ¶¶ 15 and 16. The Complaint further alleges that prior to May 21, 2001, Bayer did not advise physicians and drugstores of the problems it encountered with Baycol, and did not advise physicians or drugstores that the 0.8 mg. dosage of Baycol was potentially dangerous, even fatal. Id. ¶ 13. Thus, the allegations in the Complaint defeat her negligence claim against Longs Drug, as a defendant cannot be held liable for failing to warn of unknown risks. Merrill v. Navegar, Inc., 26 Cal.4th 465, 485 (2001).

Based on the above, the Court finds that Bayer has met its burden of showing that Longs Drug was fraudulently joined, as it is obvious based on the face of the Complaint, that no cause of action was alleged against Longs Drug.[2]

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiffs' Motion to Remand is DENIED.

2.    Defendant Longs Drug Stores, Inc. is DISMISSED.

Date: May 24, 2002

———————————//s//———————————
Michael J. Davis
United States District Court

---

[2] Because the Court finds that Longs Drug was fraudulently joined, Longs Drug's failure to consent to removal does not render the petition to remove ineffective. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988); Seagate Technology LLC v. Dalla China Express Int'l Corp. Ltd., 189 F.Supp. 2d 1146, 1152, (N.D. Cal. 2001).

4