1  Anthony G. Brazil (State Bar No. 84297)
2  Kanika D. Corley (State Bar No. 223607)
   **MORRIS POLICH & PURDY LLP**
3  1055 West Seventh Street, Suite 2400
4  Los Angeles, CA 90017
   Telephone:      (213) 891-9100
5  Facsimile:      (213) 488-1178

6
   Attorneys for Defendant
7  AMERISOURCEBERGEN DRUG CORPORATION

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10  WENDEL VANTINE, Individually And        Case No.  2:06-CV-02851-LKK-EFB
    As Successor In Interest To MAXINE
11  LILLIAN VANTINE, Deceased,

12         Plaintiff,                        **ANSWER AND AFFIRMATIVE
                                             DEFENSES OF DEFENDANT
13         vs.                               AMERISOURCEBERGEN DRUG
                                             CORPORATION TO PLAINTIFF'S
14  MERCK & COMPANY, INC., a                 COMPLAINT; DEMAND FOR JURY
    Corporation; MCKESSON                    TRIAL**
15  CORPORATION; a Corporation;
    AMERISOURCEBERGEN DRUG
16  CORPORATION, a Corporation; PFIZER
    INC.; PHARMACIA CORPORATION;
17  G. D. SEARLE LLC, (FKA G.D.
    SEARLE & CO.); DOES 1 to 100;
18  PHARMACEUTICAL DEFENDANT
    DOES 101 to 200; DISTRIBUTOR
19  DEFENDANT DOES 201 to 300,
    inclusive,
20
           Defendants.
21

22         Defendant AMERISOURCEBERGEN DRUG CORPORATION ("Defendant" or

23  "AMERISOURCEBERGEN") files the following Answer to the unverified Complaint

24  ("Complaint") filed in the matter of WENDEL VANTINE v. MERCK & COMPANY,

25  INC., et al. (The term "Plaintiff" as used herein shall refer to WENDEL VANTINE,

26  INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO MAXINE LILLIAN

27  VANTINE, DECEASED.) Defendant responds to Plaintiff's Complaint as follows:

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

AMERISOURCEBERGEN is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, AMERISOURCEBERGEN distributes products manufactured by others. As to VIOXX®/CELEBREX/BEXTRA, AMERISOURCEBERGEN does not manufacture, produce, process, test, encapsulate, label, package or repackage these products, nor does it make any representations or warranties as to the products' safety or efficacy. AMERISOURCEBERGEN lacks information or knowledge sufficient to admit or deny the remaining allegations contained in the introduction paragraph of the Complaint and therefore denies such allegations.

## GENERAL ALLEGATIONS

1.    AMERISOURCEBERGEN is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, AMERISOURCEBERGEN distributes products manufactured by others. As to VIOXX®/CELEBREX/BEXTRA, AMERISOURCEBERGEN does not manufacture, produce, process, test, encapsulate, label, package or repackage these products, nor does it make any representations or warranties as to the products' safety or efficacy. AMERISOURCEBERGEN ·lacks information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 1 of the Complaint, and its subparts and subparagraphs, and therefore denies such allegations.

2.    AMERISOURCEBERGEN is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint, and therefore denies such allegations.

3.    AMERISOURCEBERGEN is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, AMERISOURCEBERGEN distributes products manufactured by others. As to VIOXX®/CELEBREX/BEXTRA,

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG**
**CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

1    AMERISOURCEBERGEN does not manufacture, produce, process, test, encapsulate,

2    label, package or repackage these products, nor does it make any representations or

3    warranties as to the products' safety or efficacy. AMERISOURCEBERGEN lacks

4    information or knowledge sufficient to admit or deny the remaining allegations contained

5    in Paragraph 3 of the Complaint and therefore denies such allegations.

6        4.     AMERISOURCEBERGEN is without knowledge or information sufficient

7    to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the

8    Complaint and its subparts and subparagraphs, and therefore denies such allegations.

9        5.     AMERISOURCEBERGEN is without knowledge or information sufficient

10   to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the

11   Complaint, and therefore denies such allegations.

12       6.     AMERISOURCEBERGEN is a wholesale distributor of pharmaceuticals,

13   over-the-counter and health and beauty products to chain, independent pharmacy

14   customers and hospitals. As a wholesale distributor, AMERISOURCEBERGEN

15   distributes products manufactured by others. As to VIOXX®/CELEBREX/BEXTRA,

16   AMERISOURCEBERGEN does not manufacture, produce, process, test, encapsulate,

17   label, package or repackage these products, nor does it make any representations or

18   warranties as to the products' safety or efficacy. AMERISOURCEBERGEN lacks

19   information or knowledge sufficient to admit or deny the remaining allegations contained

20   in Paragraph 6 of the Complaint and its subparts and subparagraphs and therefore denies

21   such allegations.

22       7.     AMERISOURCEBERGEN is a wholesale distributor of pharmaceuticals,

23   over-the-counter and health and beauty products to chain, independent pharmacy

24   customers and hospitals. As a wholesale distributor, AMERISOURCEBERGEN

25   distributes products manufactured by others. As to VIOXX®/CELEBREX/BEXTRA,

26   AMERISOURCEBERGEN does not manufacture, produce, process, test, encapsulate,

27   label, package or repackage these products, nor does it make any representations or

28   warranties as to the products' safety or efficacy. AMERISOURCEBERGEN lacks

L0072744              -3-

1  information or knowledge sufficient to admit or deny the remaining allegations contained

2  in Paragraph 7 of the Complaint and its subparts and subparagraphs, and therefore denies

3  such allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

6      8.    The Complaint and all causes of action asserted against Defendant fail to

7  state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

9      9.    Federal law preempts Plaintiff's claims.  Plaintiff has asserted claims for

10  relief which, if granted, would constitute an impermissible burden by this Court on

11  Federal laws, regulations, and policies relating to the development and marketing of

12  products, in violation of the Supremacy Clause, Article VI of the Constitution of the

13  United States.

### THIRD AFFIRMATIVE DEFENSE

15      10.    The causes of action alleged in the Complaint are barred by the applicable

16  statutes of limitations and/or statutes of repose, including but not limited to California

17  *Code of Civil Procedure* §§ 335.1 and 338 and former § 340(3), California *Business and*

18  *Professions Code* § 17208, and  *California Civil Code* § 1783.

### FOURTH AFFIRMATIVE DEFENSE

20      11.    During the time periods alleged in the Complaint, Plaintiff failed to exercise

21  ordinary care on Plaintiff's own behalf for Plaintiff's safety.  Plaintiff's recklessness,

22  carelessness and/or negligence caused any injury and damage that Plaintiff may have

23  sustained.  Plaintiff's right to recover should be diminished by Plaintiff's proportional

24  share of fault.

### FIFTH AFFIRMATIVE DEFENSE

26      12.    Plaintiff failed to mitigate any damage that Plaintiff may have sustained.

27  Plaintiff failed to exercise reasonable care to avoid the consequences of harm, if any.

28  Among other things, Plaintiff failed to use reasonable diligence in caring for any injury,

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

1    use reasonable means to prevent aggravation of any injury, and/or take reasonable
2    precautions to reduce any injury and damage.

3                      **SIXTH AFFIRMATIVE DEFENSE**

4         13.    During the time periods alleged in the Complaint, Plaintiff had full
5    knowledge of the risks and possible adverse effects pertaining to the use of the products.
6    Defendant alleges that part or all of the injuries, damages, or losses, if any, that Plaintiff
7    claim to have sustained arose from or were caused by such risks. Plaintiff was aware of,
8    accepted, and assumed the risks and possible adverse effects. Plaintiff's recovery, if any,
9    should be diminished, reduced, offset, or barred by Plaintiff's assumption of the risks and
10   informed consent.

11                     **SEVENTH AFFIRMATIVE DEFENSE**

12        14.    Defendant denies that Plaintiff suffered injuries or incurred any damages, or
13   that any defendant is liable. If Plaintiff did suffer any injuries or incur any damages, any
14   injuries or damages were caused, in whole or in part, by the acts or omissions of persons
15   or entities other than Defendant or superseding or intervening causes over which
16   Defendant had no control. If there is any negligence or liability by any defendant, it is the
17   sole and exclusive negligence and liability of others and not this answering Defendant.

18                      **EIGHTH AFFIRMATIVE DEFENSE**

19        15.    The intervening or superseding cause of any injury allegedly sustained by
20   the Plaintiff may be conduct which is illicit, criminal, or otherwise improper, and for
21   which conduct Defendant cannot be held responsible.

22                       **NINTH AFFIRMATIVE DEFENSE**

23        16.    Plaintiff's alleged damages, injuries, or losses, if any, were not proximately
24   caused by any alleged act, omission, or breach of duty by Defendant but were caused in
25   whole or in part by the acts or omissions of Plaintiff and/or others so that the principles of
26   contributory negligence, comparative fault and/or assumption of the risk apply.

27                       **TENTH AFFIRMATIVE DEFENSE**

28        17.    Plaintiff's claims are barred in whole or in part because they have been

1  improperly joined in this action.

2  <center>**ELEVENTH AFFIRMATIVE DEFENSE**</center>

3  18.    If any of the other parties are negligent, legally responsible, or otherwise at
4  fault for the damages alleged in the Master Complaint, and if there is a finding of any
5  liability in favor of Plaintiff or settlement or judgment against Defendant, Defendant
6  requests that the Court or Jury make an apportionment of fault among all parties as
7  permitted by *Li v. Yellow Cab Co.* and *American Motorcycle Association v. Superior*
8  *Court.* Defendant further requests a judgment and declaration of partial indemnification
9  and contribution against all other parties or persons in accordance with the apportionment
10  of fault.

11  <center>**TWELFTH AFFIRMATIVE DEFENSE**</center>

12  19.    Plaintiff's claims are barred in whole or in part because they have been filed
13  in an improper venue.

14  <center>**THIRTEENTH AFFIRMATIVE DEFENSE**</center>

15  20.    Plaintiff's alleged injuries were the direct and proximate result of an
16  idiosyncratic reaction which was not reasonably foreseeable, or was not the result of any
17  conduct or negligence on the part of Defendant; and/or was not the result of any defect in
18  any product distributed or sold by Defendant.

19  <center>**FOURTEENTH AFFIRMATIVE DEFENSE**</center>

20  21.    The hazards of foreseeable uses and misuses of the product are open and
21  obvious.

22  <center>**FIFTEENTH AFFIRMATIVE DEFENSE**</center>

23  22.    After the products left the possession and control of Defendant, if in fact any
24  products were ever in the possession or control of Defendant, the products were
25  redesigned, modified, altered, or subjected to treatment that substantially changed their
26  character without Defendant's knowledge. Any alleged defect resulted, if at all, from the
27  redesign, modification, alteration, treatment or other change of the products after
28  Defendant relinquished possession of and control over any of the products.

1

### SIXTEENTH AFFIRMATIVE DEFENSE

2      23.    The design, manufacture, and marketing of the products were in conformity

3 with the "state of the art" existing at the time of such design, manufacture, and marketing.

4

### SEVENTEENTH AFFIRMATIVE DEFENSE

5      24.    The learned intermediary doctrine bars Plaintiff's recovery of any damages.

6 Any duty to warn Plaintiff of the risks and hazards associated with the products was

7 discharged by providing adequate warning to physicians.

8

### EIGHTEENTH AFFIRMATIVE DEFENSE

9      25.    To the extent that Plaintiff alleges a failure to warn by Defendant, Defendant

10 alleges that the manufacturers, physician, and other health care providers associated with

11 the products knew, or should have been aware, of any risk and hazard that Plaintiff and/or

12 Plaintiff's decedent alleges rendered the products defective and that allegedly caused

13 Plaintiff's and/or Plaintiff's decedent's injuries and damages, if any.  To the extent that

14 such manufacturers, physician, and other health care providers failed to advise, inform, or

15 warn Plaintiff of such risks and hazards, such failure is imputed to Plaintiff under agency

16 principles and Plaintiff and/or Plaintiff's decedent knowingly and voluntarily assumed

17 the risk of any injury as a result of the consumption of, administration of, or exposure to

18 the product.

19

### NINETEENTH AFFIRMATIVE DEFENSE

20      26.    The Complaint is barred due to the lack of privity, or a "transaction,"

21 between Plaintiff and Defendant.

22

### TWENTIETH AFFIRMATIVE DEFENSE

23      27.    This Court lacks personal jurisdiction over this answering Defendant.

24

### TWENTY-FIRST AFFIRMATIVE DEFENSE

25      28.    Plaintiff's claims are barred in whole or in part by the doctrines of accord

26 and satisfaction, good faith, consent, res judicata, payment and release, waiver, collateral

27 estoppel, judicial estoppel, equitable estoppel, unclean hands, laches, and/or statutory and

28 regulatory compliance.

1

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

2   29.   The products were not used in the manner in which they were intended to be

3   used.   The products were used in a manner that was abnormal and not reasonably

4   foreseeable by Defendant.   Such misuse of the products proximately caused or

5   contributed to Plaintiff's alleged damages, injuries, and losses, if any.

6

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

7   30.   The imposition of punitive or exemplary damages against Defendant or that

8   are in any way imputed against the interests of Defendant would violate the ruling in

9   *State Farm Mut. Automobile Ins. Co. v. Campbell* (2003) 538 U.S. 408, and Defendant's

10   constitutional rights under: the Due Process clauses in the Fifth and Fourteenth

11   Amendments to the Constitution of the United States; the Sixth Amendment to the

12   Constitution of the United States; the Double Jeopardy clause in the Fifth Amendment to

13   the Constitution of the United States; comparable provisions contained within the

14   California Constitution; the common law and public policies of California; and applicable

15   statutes and court rules, including but not limited to, imposition of punitive damages and

16   determination of such an award:

17   (a)   by a jury when the jury is: (i) not given standards of sufficient clarity for

18          determining the appropriateness, and the appropriate size, of a punitive

19          damages award; (ii) not adequately and clearly instructed on the limits on

20          punitive damages imposed by the principles of deterrence and punishment;

21          (iii) not expressly prohibited from awarding punitive damages, or

22          determining the amount of such an award, in whole or in part, on the basis of

23          invidiously discriminatory characteristics, including the corporate status,

24          wealth, or state of residence of Defendant; (iv) permitted to award punitive

25          damages under a standard for determining liability for such damages which

26          is vague and arbitrary and does not define with sufficient clarity the conduct

27          or mental state which makes punitive damages permissible; and (v) not

28

1    subject to trial court and appellate judicial review for reasonableness, the

2    furtherance of legitimate purpose, and the basis of objective standards;

3    (b)    where applicable law is impermissibly vague, imprecise, or inconsistent;

4    (c)    subject to no predetermined limit, such as a maximum multiple of

5    compensatory damages or a maximum amount; and

6    (d)    based upon anything other than Defendant's conduct in connection with the

7    sale of the products alleged in this litigation, or in any other way subjecting

8    Defendant to impermissible multiple punishment for the same alleged

9    wrong.

10    ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

11    31.    While continuing to deny any and all liability, Defendant states that if the

12    court determines that Plaintiff is entitled to assert a claim for punitive damages, such

13    claim cannot be permitted to go forward until the trier of fact determines that punitive

14    damages should be considered, and, ultimately all issues regarding punitive damages

15    should be bifurcated at trial.    Any award for punitive or exemplary damage absent

16    bifurcating trial as to issues of compensatory and exemplary damages would be in

17    violation of Defendant's rights to due process under the Unites States Constitution and

18    the correlative provisions of California law.

19    ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

20    32.    At all times, any products distributed by Defendant were distributed in

21    compliance with all applicable federal, state and local laws and regulations, and rules

22    promulgated and enforced by the Food and Drug Administration.    The products were

23    subject to and received pre-market approval by the Food and Drug Administration under

24    52 Stat. 1040, 21 U.S.C. § 301.    Compliance with such laws, regulations, and rules

25    demonstrates that due care and reasonable prudence were exercised in the design,

26    manufacture, and promotion of the subject pharmaceutical product and that said product

27    was not defective in any way.

28    ///

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

33.    Any damages, injuries and/or losses alleged to have been suffered by Plaintiff has been mitigated, in whole or in part, by reimbursement from collateral sources and therefore, Plaintiff's claims against Defendant are barred and/or reduced by any applicable set off.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

34.    At all times, Defendant's acts or omissions were privileged, justified, fair and undertaken in the good faith exercise of a valid business purpose.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

35.    Plaintiff cannot demonstrate the necessary elements to support the request for injunctive relief, including without limitation, a threat of imminent or immediate harm.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

36.    Any alleged act or omission by Defendant concerning the manufacture, warning, labeling, advertising and sale of VIOXX®/CELEBREX/BEXTRA referred to in the Complaint, was at all times, the duty of an entity other than Defendant. Defendant acted in good faith concerning all services for which it had a duty to provide as referred to in the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

37.    Plaintiff's claims for disgorgement or restitution are barred under the decision in *Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal.4th 116 and related authority.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

38.    Plaintiff's alleged injuries or illnesses preexisted or were suffered after the alleged use of the products, and Plaintiff's alleged injuries or illnesses were neither caused nor exacerbated by said alleged use.

///

///

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

2    39.    Plaintiff's injuries were caused or contributed to by their failure to follow
3  the directions and precautions provided by the product's manufacturer(s).

4

## THIRTY-THIRD AFFIRMATIVE DEFENSE

5    40.    Plaintiff's breach of warranty claims are barred because Plaintiff failed to
6  give adequate and timely notice of his alleged claims against Defendant and/or because
7  the alleged warranties were disclaimed.

8

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

9    41.    Defendant's alleged business practices with respect to the subject product
10  were lawful, fair, truthful, not misleading or deceptive, not fraudulent, and were justified
11  based on the state of medical and scientific knowledge available during the relevant time
12  and were in compliance with the applicable laws, regulations, and rules within the
13  meaning of either *Business and Professions Code* Section 17200, et seq. or *Business and*
14  *Professions Code* Section 17500, et seq.

15

## THIRTY- FIFTH AFFIRMATIVE DEFENSE

16    42.    Plaintiff's claimed injuries and/or damages are so remote, speculative or
17  contingent that Plaintiff's claims must be barred on public policy grounds.

18

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

19    43.    The conduct alleged in the Complaint does not plead a "violation of law"
20  sufficient to provide the necessary predicate for an "unlawful" business practices claim,
21  or any other claim, under either *Business and Professions Code* Section 17200, et seq. or
22  *Business and Professions Code* Section 17500 et seq.

23

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

24    44.    Plaintiff's claims under *Business and Professions Code* Section 17200, et
25  seq. or *Business and Professions Code* Section 17500 et seq. are barred in whole or in
26  part under principles of substantive and procedural due process.

27

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

28    45.    Plaintiff's claims under *Business and Professions Code* Section 17200, et

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG
CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

1   seq. or *Business and Professions Code* Section 17500, et seq. are barred in whole or in

2   part because Plaintiff do not qualify as private attorneys general, and for that reason,

3   among others, lack standing to prosecute a claim for injunctive or monetary relief.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

5       46.    Plaintiff's claims under *Business and Professions Code* Section 17200, et

6   seq. or *Business and Professions Code* Section 17500, et seq. are barred in whole or in

7   part because there is no basis for injunctive relief in this action and Plaintiff has an

8   adequate remedy at law.

### FORTIETH AFFIRMATIVE DEFENSE

10      47.    Plaintiff's claims under *Business and Professions Code* Section 17200, et

11  seq. or *Business and Professions Code* Section 17500, et seq. are barred in whole or in

12  part by the doctrine of primary jurisdiction. The subject of pharmaceutical product and

13  any advertising regarding such product are regulated by the Food and Drug

14  Administration and as such, answering Defendant requests that this Court, sitting in

15  equity, abstain from hearing claims under Sections 17200, et seq. and 17500, et seq.,

16  which are accordingly preempted by Federal law.

### FORTY-FIRST A FFIRMATIVE DEFENSE

18      48.    The Plaintiff is barred from recovery against Defendant because of the

19  sophisticated user doctrine.

### FORTY-SECOND AFFIRMATIVE DEFENSE

21      49.    Plaintiff's strict liability claims are barred under the principles set forth in

22  *Brown v. Superior Court* (1988) 44 Cal.3d 1088.

### FORTY-THIRD AFFIRMATIVE DEFENSE

24      50.    Plaintiff's claim, if any, for loss of consortium is barred because it is

25  derivative of the injured Plaintiff's/decedent's claim, which fails pursuant to the

26  affirmative defenses set forth herein.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

28      51.    Defendant is a provider of services, not products, and thus is not strictly

L0072744                              -12-

1 | liable under California law.

2 | ### FORTY-FIFTH AFFIRMATIVE DEFENSE

3 | 52.    Plaintiff's Complaint fails to allege ultimate facts sufficient to state a cause

4 | of action predicated upon negligence, strict liability, breach of implied warranty, breach

5 | of express warranty, failure to warn or deceit by concealment.

6 | ### FORTY-SIXTH AFFIRMATIVE DEFENSE

7 | 53.    Plaintiff's claims of any non-economic damages are subject to *California*

8 | *Civil Code* §1431.2, which is applicable to the Complaint and each cause of action

9 | therein.

10 | ### FORTY-SEVENTH AFFIRMATIVE DEFENSE

11 | 54.    The product at issue in this litigation is not defective or unreasonably

12 | dangerous because it is a prescription pharmaceutical bearing adequate warnings, and is

13 | subject to the comment j exception to strict liability as set forth in § 402A of the

14 | Restatement (Second) of Torts (1965), and/or because it is a prescription pharmaceutical

15 | that is unavoidably unsafe pursuant to comment k of § 402A of the Restatement (Second)

16 | of Torts (1965).

17 | ### FORTY-EIGHT AFFIRMATIVE DEFENSE

18 | 55.    Plaintiff's claims are barred in whole or in part because the subject

19 | pharmaceutical product "provides net benefits for a class of patients" within the meaning

20 | of Comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

21 | ### FORTY-NINTH AFFIRMATIVE DEFENSE

22 | 56.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement

23 | (Third) of Torts: Products Liability.

24 | ### FIFTIETH AFFIRMATIVE DEFENSE

25 | 57.    Plaintiff's claims, if any, related to negligence per se are barred, in whole or

26 | in part, because there is no statute violated by this Defendant.

27 | ### FIFTY-FIRST AFFIRMATIVE DEFENSE

28 | 58.    Plaintiff's claims are barred in whole or in part by the deference given to the

1  primary jurisdiction of the Food and Drug Administration over the subject

2  pharmaceutical product under applicable federal laws, regulations, and rules. These

3  claims are thus preempted by Federal law.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

5      59.    Plaintiff's claims are barred in whole or in part because there is no private

6  right of action concerning matters regulated by the Food and Drug Administration under

7  applicable federal laws, regulations, and rules.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

9      60.    Plaintiff's claims are barred in whole or in part because Plaintiff lack

10  standing to bring such claims.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

12      61.    Plaintiff's claims are barred in whole or in part because they fail to meet the

13  requirements of *California Code of Civil Procedure* §§ 377.30, et seq., and 377.60, et

14  seq., governing a decedent's cause of action and wrongful death actions.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

16      62.    Plaintiff's claims are barred to the extent they are made by, or on behalf of,

17  out of state Plaintiff or Plaintiff's decedent, or arose from events occurring out of state,

18  are barred in whole or in part under principles of forum non conveniens and due process.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

20      63.    Plaintiff's claims are barred in whole or in part because the Complaint fails

21  to join necessary and indispensable parties.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

23      64.    Plaintiff's Consumer Legal Remedies Act cause of action is barred because

24  it fails to meet the requirements of *California Civil Code* §§ 1750, et seq.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

26      65.    Defendant did not design, manufacture, formulate, distribute, market, sell,

27  research, develop, test or supply the VIOXX®/CELEBREX/BEXTRA that was alleged

28  to have been ingested by Plaintiff and/or any of the ingredients contained therein.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG
CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

### FIFTY-NINTH AFFIRMATIVE DEFENSE

66.    Plaintiff failed to allege specific facts that Defendant distributed and/or supplied the subject product that Plaintiff allegedly ingested.    Accordingly, Plaintiff failed to plead facts sufficient to show an actual connection between Defendant's alleged conduct and the Plaintiff's purported injury and Defendant has, therefore, been fraudulently joined.

### SIXTIETH AFFIRMATIVE DEFENSE

67.    Plaintiff's vague allegations are legal conclusions directed at "defendants" in general and fail to support any claims specific to Defendant.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

68.    Plaintiff's claims are barred by the applicable prescriptive periods or statutes of limitations provided for such claims.

### SIXTY-SECOND AFFIRMATIVE DEFENSE

69.    Defendant denies that the products distributed by it caused or contributed to the alleged injuries of Plaintiff and further denies that it is liable to Plaintiff for the claims alleged or for any other claims whatsoever.

### SIXTY-THIRD AFFIRMATIVE DEFENSE

70.    Defendant did not make any material representation of fact regarding the products it distributes which was not true, or if such representation was made, which Defendant specifically denies, then AMERISOURCEBERGEN did not make such representation with the intent to either deceive or to induce Plaintiff to act in justifiable reliance.

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

71.    Plaintiff did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of AMERISOURCEBERGEN, and did not act upon any statement, representation advice or conduct to their detriment.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE

72.    Defendant asserts that as of the relevant times alleged in the Complaint, it

did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Petition; (2) the alleged danger of any such design characteristics.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

73.   Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff, or any state entity acting on behalf of Plaintiff, has released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiff's claims.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

74.   Defendant is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiff, or any state entity acting on behalf of Plaintiff, with respect to the same alleged injuries. Defendant is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff, or any state entity acting on behalf of Plaintiff, from any collateral source.

### SIXTY-EIGHTH AFFIRMATIVE DEFENSE

75.   Defendant asserts that it has complied with all applicable state and federal laws relating to the distribution and/or sale of pharmaceuticals.

### SIXTY-NINTH AFFIRMATIVE DEFENSE

76.   To the extent Plaintiff assert claims based upon an alleged failure by Defendant to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®/CELEBREX/BEXTRA, such claims are barred under the learned intermediary doctrine.

### SEVENTIETH AFFIRMATIVE DEFENSE

77.   Defendant reserves the right to rely upon other affirmative defenses as they become reasonably available and apparent during the discovery proceedings in this case. Defendant reserves the right to amend this Answer to assert any such defenses.

///

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

1    **WHEREFORE,** AMERISOURCEBERGEN prays for relief as follows:

2    1.    That Plaintiff take nothing by this action;

3    2.    That judgment be entered in favor of AMERISOURCEBERGEN and against

4    Plaintiff;

5    3.    That AMERISOURCEBERGEN be awarded costs of suit herein; and

6    4.    For such other and further relief as the Court may deem just and proper.

7

8    Dated: December **2 1**  , 2006        Respectfully Submitted,

9

10                                **MORRIS POLICH & PURDY LLP**

11

12                                By:  /s/ Kanika D. Corley, Esq.
                                        Anthony G. Brazil
13                                      Kanika D. Corley
                                    Attorneys for Defendant
14                                  AMERISOURCEBERGEN DRUG
                                    CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L0072744                              -17-
**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG
CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

1

## **DEMAND FOR JURY TRIAL**

2     Defendant hereby demands trial by jury in this matter.

3

4   Dated: December _21_, 2006          Respectfully Submitted,

5
                                        **MORRIS POLICH & PURDY LLP**
6

7
                                        By:  /s/ Kanika D. Corley
8                                              Anthony G. Brazil
                                               Kanika D. Corley
9                                       Attorneys for Defendant
10                                      AMERISOURCEBERGEN DRUG
                                        CORPORATION
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## ELECTRONIC PROOF OF SERVICE

2

3

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action.

4

On December 22, 2006, pursuant to the Court's Electronic Filing System, I

5

☒ submitted an electronic version of the following document via file transfer protocol to ECF (Electronic Case Filing)

6

☐ submitted a hard copy of the following document to ECF (Electronic Case Filing) by

7

8

☐ facsimile          ☐ overnight delivery

9

10

## "ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERISOURCEBERGEN DRUG CORPORATION TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL"

11

12

13

☐ **STATE**  I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

14

15

☒ **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

16

17

Executed on December 22, 2006, at Los Angeles, California.

18

19

20

21

_Elena Juarez Holguin_

22

Elena Juarez-Holguin

23

24

25

26

27

28